VANDERBILT v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court, D. New Jersey. June 30, 1911.)

1. PATENTS (§ 328*)—INVENTION—TANK CAR.

The Vanderbilt patent, No. 678,597, for a tank car, claim 54, which covers a tank car having a running board along the top of the tank, with a stair leading from such board to the platform of the car, is void for lack of patentable invention.

2. PATENTS (§ 328*)—INVENTION—TANK CAR.

The Vanderbilt patent, No. 747,278, for a tank car, claims 1, 2, 3, 12, 13, 14, 15, 18, 19, and 20 are void for lack of patentable invention; also held not infringed if conceded invention.

In Equity. Suit by Cornelius Vanderbilt against the American Car & Foundry Company. On final hearing. Decree for defendant.

Betts, Sheffield, Bentley & Betts, for complainant.

Charles J. Hardy and F. H. Gibbs, for defendant.

BRADFORD, District Judge. [1] This is a bill for an injunction and account brought by Cornelius Vanderbilt against the American Car & Foundry Company. The complainant who is the owner and holder of and patentee in three United States patents, No. 678,597, dated July 16, 1901, and Nos. 747,278 and 747,279, both dated December 15, 1903, originally charged the defendant with infringement of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

all the above patents. The charge of infringement has since been restricted to patents Nos. 678,597 and 747,278, and with respect to these two patents the charge is pressed only as to claim 54 of No. 678,597 and claims 1, 3, 12, 13, 14, 15, 18, 19 and 20 of No. 747,278. In the description of No. 678,597 the patentee states:

"My invention has relation to the construction of cars adapted to carry tanks for the transportation of oil, grain, coal, or the like, although many of the improvements hereinafter recited can be advantageously employed in cars used for other purposes. My improvements having been applied to a car especially adapted for the transportation of oil or grain and technically termed a 'tank-car,' the description of the same will be had in connection with a car of this class."

After referring to a running-board located on top of the tank the description proceeds:

"In order to allow of ready access to the running-board, I have provided a stairway of suitable construction leading from the running-board extension 6 to the platform 59 below, the stairway taking the form of a ladder 137, comprising parallel side bars 138, and connecting-rungs 139, all preferably made of strap-iron, the upper ends of the side bars being bent at 140 and secured to the running-board, as shown in Fig. 3, the lower ends being likewise disposed and riveted to the platform, as shown at 141, Fig. 5."

Claim 54 is as follows:

"54. A car having a frame and an end platform, a tank on the frame between the platform's ends, a running-board on top of the tank having a ledge projecting over the platform, and a stair leading from the platform to said ledge."

The stairway or ladder is shown in several of the drawings of the patent including Figs. 1, 2 and 5. I do not find a vestige of invention in the combination of claim 54 and cannot conceive why it was allowed by the patent office in view of the prior art as disclosed in the record.

[2] Patent No. 747,278 relates to alleged "Improvements in Tank-Car and Metallic-Car Construction." In the description the patentee says:

"My invention has reference to the improvements in the construction of railroad-cars, and more specifically to that class of cars wherein a cylindrical (or other appropriately-formed) tank is employed for the transportation of oil, grain, etc., which improvements may also have beneficial application to railroad-car construction wherein the cars are employed for other purposes and which may be in whole or in part built up of metal. The object of my invention is to provide a structure having a maximum of carrying capacity and strength with a minimum amount of weight in the volume of material utilized; and to this end I have in devising the structure hereinafter described paid special reference to its organization, to the end that commercial forms of iron may be largely, if not wholly, employed."

The claims in issue are as follows:

"1. In a tank-car, the combination with a frame comprising the juxtaposed and continuous longitudinal sills, cross-sills secured to the longitudinal sills at their ends, the curved and upwardly-extending body-bolsters secured to the longitudinal sills adjacent the end sills and extending beyond the longitudinal sills, and a tank or body secured to the body-bolsters.

3. A car comprising a tank, a frame consisting of a plurality of closely-juxtaposed longitudinal sills, end sills connecting the longitudinal sills, and bolsters secured to the longitudinal sills through which the latter extend,

the bolsters extending outwardly from the longitudinal sills and constituting cradles for receiving the tank, and means for tying the extended end of the bolster and end sills together.

12. In a tank-car, the combination with the end sills, the central longitudinal sills secured to the end sills, bolsters through which the longitudinal sills extend, the bolsters extending outwardly from the longitudinal sills, and a circular tank, the upper section of the bolsters being disposed concentrically with the tank to receive the same, the end sills and bolster extensions being secured together outside of the longitudinal sills.

13. In a car-frame, the combination with the longitudinal sills, of the bolster comprising a base or bed member, and an interposed chair forming a support for said sills, vertical plates secured to the said base member and to the sills, and segmental cradle-pieces secured to the upper edges of the bolsters.

14. In a tank-car, the combination with the tank, of the sills, a sill-chair, a bolster comprising a bed-plate, plates or wings extending upwardly therefrom, and lateral extensions from the upper edges of said plates overlapping said edges, and receiving the tank.

15. In a tank-car the combination with the tank, of the sills, a sill-chair, a bolster comprising a bed-plate, plates or wings extending upwardly therefrom, the upper edges of which are downwardly curved, and downwardly-curved lateral enlargements secured to the curved edges of said plates or wings, the tank being secured to the said enlargements.

18. In a tank-car, the combination with the tank, the longitudinal sills, a sill-chair, and a bolster comprising a base-plate, vertically-disposed wings having laterally-disposed flanges, segmental cradle-pieces secured to the wings, and the tank being secured to the said cradle-pieces.

19. In a tank-car, the combination of the bolster comprising the base-plate having the central flat portion and upwardly-inclined extensions therefrom, the vertical plates secured to the sides of the base-plate, segmental cradle-pieces secured to the upper edges of the vertical plates, the central sills secured to the said plates over the central flat portion of the base-plate, and a tank secured to said cradle-pieces.

20. In a tank-car, the combination with the sills, of the bolster comprising the base-plate having a central flat portion and outwardly and upwardly inclined ends, vertical plates or wings secured to said inclined ends, the segmental cradle-pieces secured to the upper edges of said wings, and a tank secured to the said cradle-pieces."

Illness and other circumstances wholly beyond my control have rendered impossible any present elaboration of opinion touching these claims, and I shall, therefore, confine myself to a statement of conclusions reached. In my judgment all of the above claims are invalid for want of patentable novelty, invention or utility; and further, even on the assumption that one or more of them can be sustained the defendant has not infringed it or them.

The bill must be dismissed with costs.